UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BARBARA WADE,

               Plaintiff,                Case No.
                                            Hon.

vs.

COMPASS GROUP USA, INC.,
a Delaware corporation, FLIK
INTERNATIONAL CORP., a
New York corporation,

               Defendants.
_____/

Gerald D. Wahl (P26511)
Attorney for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
gwahl@sterlingattorneys.com
_____/

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff Barbara Wade, by her attorneys Sterling

Attorneys at Law, P.C., for her Complaint against Defendants, Compass Group

USA, Inc. ("Compass") and Flik International Corp. ("Flik"), states as follows:

**Jurisdictional Allegations**

1.     Plaintiff is a resident of Waterford, Oakland County, Michigan, and

is an adult citizen of the United States.

2.     Defendant Compass, Inc. is a Delaware corporation and is an employer within the meaning of the statutes cited herein, and is generally engaged in the food service industry.

3.     Defendant Flik is a New York corporation and is an employer within the meaning of the statutes cited herein, and is generally engaged in the food service industry, and is a wholly owned subsidiary of Defendant Compass.

4.     Jurisdiction vests in this Court pursuant to 29 USC 621, *et seq.* and 42 USC 1981, federal questions, and under Count I Plaintiff filed a Charge of Discrimination with the EEOC within 300 days of the alleged discriminatory acts, and obtained a Right to Sue notice within the past 90 days from the EEOC.

5.     Plaintiff claims federal diversity jurisdiction, under 28 USC 1332 as to Count III, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

## Common Allegations

6.     Plaintiff, employed by Defendants for approximately four and a half years as a cashier, performed services at Notre Dame High School beginning August 15, 2016.

7.     Plaintiff is 74 years of age, and terminated on February 5, 2021.

8.     At all times pertinent hereto, Plaintiff performed her job duties in a competent fashion, evidenced by her longevity, and competencies as a cashier developed over decades of experience.

9. Defendants installed a new manager, Emmanuel Lee ("Lee"), as Director of Dining Services in or around August 2020.

10. Lee, over the ensuing five months, made the following comments to, and about, Plaintiff, and another older worker, age 66:

- October 14, 2020, at a pre-shift meeting including all of Defendants' employees at Notre Dame said, referring to Plaintiff, "if you don't like what's going on then you need to retire," while looking directly at Plaintiff.

- November 13, 2020, addressing both Plaintiff and the other older employee during a pre-shift meeting, telling them, "You should retire, you should not be working here." When challenged as to whether he might have the same problems when he reaches their age, replied "I won't be working when I get to be your age."

- November 2020, while addressing Plaintiff's co-worker, 66 years of age, "Why are you and Barb still working? Why won't y'all retire?"

11. Beginning in September 2020, Lee removed sales tracking duties from Plaintiff, knowing Plaintiff enjoyed these duties additional to her cashier responsibilities.

12. Beginning on January 11, 2021, Plaintiff was told to train Lee's sister-in-law in the cashier duties, reassigned Plaintiff to clean garbage cans, glass block windows, door jams, and dishes, and removed stocking duties from Plaintiff, reassigning them to his sister-in-law.

13. Plaintiff's replacement is more than 50 years her junior.

3

14.     Defendants' alleged reason for the termination of Plaintiff was pretextual in their statement that she had numerous Covid symptoms, requiring disclosures on a daily Covid-19 form filled out by all employees upon presenting at work, and that she had falsified hers.

15.     Plaintiff states Defendants' reason is pretextual in that she never had Covid-related symptoms, and that Lee solicited statements from both Plaintiff's replacement, and a co-worker, who has been friends with Lee for more than eight years, stating Plaintiff displayed Covid-related symptoms. The statements obtained by Defendants included a statement by Lee suggesting he witnessed Plaintiff's alleged Covid symptoms.

16.     Defendants' employees, upon information and belief, have displayed Covid-related symptoms without termination or discipline, evidencing Defendants' discriminatory treatment toward Plaintiff in the following particulars:

- Lee, in October 2020, complaining to Plaintiff's co-employee that he was suffering from severe exhaustion.

- October 2020, a co-employee who supplied a statement referenced above, told Plaintiff's co-employee and Lee, while filling out the Covid-19 form, that he had at least three of these symptoms but was going to ignore the information requested on the form.

- Another co-employee complained of various pains in her shoulder, back, and arm, Covid 19 related symptoms, directly to Lee and other co-employees.

17.    Lee is in his early 30's, the other two employees are significantly younger than Plaintiff, approximately early 40's and early 50's.

18.    Defendants' policies are that an employee who displays symptoms of Covid-19 infections at work must go home immediately; none of the employees identified above were sent home while inaccurately filling out the Covid 19 symptom disclosure, and thereby received favorable treatment on account of their ages, one of the employees testing positive for Covid without having been sent home before the test.

19.    After obtaining statements from Lee, his sister-in-law, and friend, a decision to terminate Plaintiff was allegedly made based on falsification of her Covid-19 disclosure during two days in late January at a time when Plaintiff states unequivocally she displayed no such symptoms, further stating that contrary statements are false and known to be false.

20.    During the EEOC proceedings, Lee approached another co-employee known to support Plaintiff's claims of age discrimination during the EEOC proceedings, on April 27, 2021, told her that she should not "stick up for Barbara because you're black and we should stick up for each other," and began retaliation against the witness.

21.    Lee, his sister-in-law, and Lee's friend, the witnesses alleged to have observed Plaintiff displaying Covid symptoms, are all African American, Plaintiff is Caucasian.

22.     Lee's statement to Plaintiff's supportive witness evidenced an intent

to use his coercive powers as Director, used in the instance of the two witnesses,

based on race, reflecting a decision- making process in the erosion of Plaintiff's

duties, and the creation of a false narrative in support of a discriminatory

decision to terminate Plaintiff.

## COUNT I – ADEA

23.     Plaintiff incorporates paragraphs 6-22 of the Common Allegations

as though fully restated herein.

24.     The decision to terminate Plaintiff under a falsification case is

pretextual, intended to mask illegal age discrimination.

25.     The decision to terminate Plaintiff would not have occurred but for

her age, given the comparative age of Plaintiff, her replacement, and those

employees who were subject to Defendants' Covid-19 policies, their disparate

treatment and Lee's repeated statements negatively referencing Plaintiff's age,

and the other employee.

26.     Defendants' actions were willful within the meaning of the statute.

27.     As a proximate result of Defendants' illegal acts as aforestated,

Plaintiff has suffered economic loss, both present and future.

WHEREFORE, Plaintiff prays for judgment against Defendants that is

fair and equitable, money damages, liquidated damages, costs, and attorneys'

fees.

## COUNT II -- 42 USC 1981

28.    Plaintiff incorporates paragraphs 6-22 of the Common Allegations as though fully restated herein.

29.    Defendants engaged in race discrimination by negatively deciding the fate of Plaintiff's employment under its Covid-19 policies and both its solicitation and presentation of witness statements that were false and based on the relative disparate races of Lee (African American, the race of his subordinate witnesses), and Plaintiff (Caucasian), and as evidenced by the statement to Plaintiff's co-employee.

30.    Defendants' actions were in willful disregard of Plaintiff's federally protected rights to be free of race discrimination in employment.

31.    As a proximate result of Defendants' illegal acts as aforestated, Plaintiff has suffered economic losses, both present and future, and an injury.

WHEREFORE, Plaintiff prays for judgment against Defendants that is fair and equitable, consequential damages, unlimited punitive damages, costs, and attorneys' fees.

## COUNT III -- ELCRA

32.    Plaintiff incorporates paragraphs 6-22 of the Common Allegations, paragraphs 23-27 of Count I, and paragraphs 28-31 of Count II as though fully restated herein.

33.    Defendants violated the Michigan Elliott-Larsen Civil Rights Act ("ELCRA") in in discriminating against Plaintiff due to her age and race.

34.    Defendants' actions were in willful disregard of Plaintiff's rights under the ELCRA.

35.    As a proximate result of Defendants' illegal acts as aforestated, Plaintiff has suffered economic losses, both present and future, and an injury.

WHEREFORE, Plaintiff prays for judgment against Defendants that is fair and equitable, consequential damages, costs, and attorneys' fees.

<strong>JURY DEMAND</strong>

Plaintiff, Barbara Wade, by her attorneys Sterling Attorneys at Law, P.C., demands a trial by jury.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:    /s/Gerald D. Wahl
       Gerald D. Wahl (P26511)
       Attorney for Plaintiff
       33 Bloomfield Hills Pkwy., Ste. 250
       Bloomfield Hills, MI 48304
       (248) 644-1500

Dated: March 16, 2022